**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

**Fed. R. App. P. 32.1**

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted May 30, 2014
Decided June 4, 2014

## Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | | |
|---|---|---|
| No. 14-2051 | | Petition for Writ of Mandamus. |
| IN RE: | | |
| GLAXOSMITHKLINE LLC, *Petitioner* | | No. 12 C 6403 James B. Zagel, *Judge*. |

## Order

Defendant petitions for a writ of mandamus in this tort suit, which arises under the diversity jurisdiction. Petitioner developed paroxetine hydrochloride, an antidepressant, which received the FDA's approval and was marketed as Paxil. After patent protection ended, other manufacturers began to sell generic paroxetine hydrochloride. Stewart Dolin used one of these generic substitutes for Paxil and later committed suicide, allegedly as a consequence of the drug; his estate asks for damages from petitioner, even though petitioner did not make the drug that Dolin took. (*Mutual Pharmaceutical Co. v. Bartlett*, 133 S. Ct. 2466 (2013), makes it difficult if not impossible to hold the generic manufacturer liable.)

The district court denied petitioner's motion for summary judgment, ruling that the inventor and initial marketer of a drug can be liable for harms caused by the sale of generic equivalents. The district judge then denied petitioner's request to certify the decision for an interlocutory appeal under 28 U.S.C. §1292(b). Petitioner asks us to issue a writ of mandamus that would compel the district court to grant its motion for summary judgment.

Mandamus is appropriate to rectify a district court's usurpation or grave misuse of power, when an appeal from final judgment would be an inadequate remedy. That standard has not been met. A district court does not abuse its power by taking one view, rather than another, of a debatable legal issue. The district court recognized that a majority of federal courts has ruled in favor of the pioneer manufacturer, but others have ruled just as the district court did. The Supreme Court has yet to resolve this conflict. While the issue escapes definitive resolution, taking one position rather than another cannot be a usurpation of power.

What is more, the question can be resolved on appeal from a final judgment, should petitioner lose in the district court. Petitioner expresses concern that it will win on some other ground (perhaps a jury will conclude that the drug's warnings about suicide risk are adequate, that warning was unnecessary, or that the drug did not cause Dolin's death). The possibility that the "innovator liability" issue will not matter in the end would be a poor reason to engage in interlocutory review. Most cases potentially entail many subjects that turn out not to matter; the process of litigation winnows issues. That is a major benefit of the final-decision rule, not a reason to disregard it.

The petition for a writ of mandamus is denied.